UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROL
CHARLOTTE DIVISION

FILED
Charlotte
02/28/2023
U.S. District Court
Western District of N.C.

ALTON SHARAN SAPP,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, pro se,　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　CIVIL ACTION FILE NO: 3:23-cv-145
　　　　　　　　　　　　　　　　　)
HENDRICK BMW CHARLOTTE,　　　)
LAND ROVER CHARLOTTE,　　　　)
HENDRICKS AUTOMOTIVE GROUP, )
HENDRICKS MOTORSPORTS, Brian )
Koller, Kevin Skaradzinski, David Porter, )
Tony Diorio, Rusty Reeves　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)
_____)

## DEFAMATION COMPLAINT FOR DAMAGES

**THIS MATTER** is before the Court by Plaintiff Alton Sharan Sapp, who through self-representation as a Pro Se litigant, and his Complaint for damages against the Defendants, states as follows:

## NATURE OF THE ACTION

1. This **DEFAMATION PER SE** action being brought pursuant to **28 U.S.C §4101**, arises out of an incident involving the Plaintiff Alton Sharan Sapp and several employees employed by Hendricks Automotive Group, and Hendricks Motorsports, at two of their subsidiary auto dealerships Hendricks BMW of Charlotte and Land Rover of Charlotte. The issue in dispute is over a series of suggestive email messages that were used–along

1

with video recordings and witness statements–to craft what would become a false statement created in conjunction with employees of Hendricks Automotive Group, Hendricks Motorsport, Hendricks BMW of Charlotte, Land Rover of Charlotte; to accuse the Plaintiff of committing crimes (stealing a Gray BMW X5 and approximately $3,500 worth of merchandise and cash from the dealership. Though the Plaintiff continuously denied any involvement, he was still accused of stealing the property. To add–at no time during the incident involving the crimes committed–did the auto dealership employees have a positive ID of the suspect committing what they alleged were crimes, nor did they firmly establish that crimes had been committed. Furthermore, the defendants failed to firmly establish that the victim they were aiding in accusing (the Plaintiff) was truly the suspect; and thus succeeded in only vilifying an innocent bystander whom was just simply in the wrong place at the wrong time.

2. The Plaintiff argues that had the employees not made such remarks in the emails, committed actions (forwarding email correspondences to each department between the two dealerships Hendricks BMW of Charlotte and Land Rover of Charlotte) which further perpetuated the false belief that the Plaintiff stole property from the dealership, and abstained from getting involved in the manner stated above–unreasonable charges for violent felony crimes would not have been filed, and the Plaintiff would not have sustained such extensive injuries sustained due to the number of years he had to undergo scrutiny from being prosecuted by the ADA for crimes that he did not commit. The

employees involved had no evidence proving his guilt of the crimes they wrongfully assisted in the attempt to accuse him of.

3. **<u>Through the employees reckless disregard for the truth, and their willful negligence in not abstaining from creating and assisting the creation of defamatory narratives that would be used to victimize an innocent person; they are held liable for the violation of Defamation Per Se, and so should their employers be held liable under respondeat superior theory of law, because at all times during the incident in question–the employees were acting in the scope of their employment with these employers, and performing work-related tasks the employer would have approved of them doing.</u>**

## JURISDICTION, VENUE, AND PARTIES

1. This Court has personal jurisdiction over the following Defendant(s):

    a. Hendricks Automotive Group, Hendricks BMW of Charlotte, and Land Rover Charlotte. Land Rover Charlotte and Hendricks BMW of Charlotte are auto dealerships owned by Hendricks Automotive Group–a Privately-Held corporate entity headquartered in North Carolina, and having a principal place of business at 6000 Monroe Road Charlotte, NC 28212-6119.

    i. Hendricks BMW of Charlotte, an Auto Dealership having a principal business location at 6950 E Independence Blvd Charlotte NC. 28227-9428.

3

    ii.    Land Rover of Charlotte, an Auto Dealership having a principal business location at 6710 E Independence Blvd. Charlotte NC. 28212.

b. Hendricks Motorsports, a Privately-Held corporate entity headquartered in North Carolina at the principal address of 4400 Papa Joe Hendricks Blvd, Charlotte North Carolina, 28262.

c. Defendant(s) from hereon identified as "Defendant Employee":

    i.    Raymond "Chip" Busker Jr. ("Mr. Busker") (in his official capacity as Security Manager) along with his Domestic Privately-Held Corporation RFB Security Consulting, Inc.; both with a North Carolina Principal Location at 6836 Pine Lake Lane Charlotte NC. 28227.

    ii.    Rusty Reeves (in his official capacity of Service Manager), who is employed in the County of Mecklenburg, North Carolina. He may be served at his place of employment: Hendricks BMW of Charlotte. Out of respect for Defendant privacy, home address has not been used.

    iii.    Tony DiOrio (in his official capacity as Fixed Operation Director), who is employed in the County of Mecklenburg, North Carolina. He may be served at this place of employment: Hendricks BMW of Charlotte. Out of respect for Defendant privacy, home address has not been used.

    iv.    Brian Koller (In his official capacity as Production Operations Manager), who is employed in the County of Mecklenburg, North Carolina. He may

        be served at his place of employment, Hendricks BMW of Charlotte. Out of respect for the defendant's privacy, home address has not been used.

    v. David Porter (In his official capacity as General Manager), who is employed in the County of Mecklenburg North Carolina. He may be served at his place of employment, Land Rover Charlotte. Out of respect for the defendant's privacy, home address has not been used.

    vi. Kevin Skaradzinski (In his Official Capacity as Parts Manager), who is employed in the County of Mecklenburg County, North Carolina. He may be served at his place of employment, Land Rover Charlotte. Out of respect for the defendant's privacy, home address has not been used.

2. This Court enjoys original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

    a. Alton Sharan Sapp (The Plaintiff) is a resident of the State of Georgia; currently residing at 159 Neely Circle, Waynesboro, GA. 30830.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants actions were targeted to cause injury in this District such that a substantial part of the events or omissions given rise to this claim occurred here.

    a. This case is being argued pursuant to 28 U.S.C 4101.

5

b. Defendant(s) Hendricks Automotive Group, Hendricks Motorsports, Land Rover of Charlotte, and Hendricks BMW of Charlotte are in fact liable based on the respondeat superior theory, due to their employer relationship with the defendants who committed the actions disputed in this complaint–as those employees were in fact acting within the scope of their employment with their employer.

c. Defendant(s): "Defendant Employee" were (at that point in time and still are) employees of both Hendricks BMW of Charlotte, and Land Rover Charlotte; and thus Hendricks Automotive Group was the principal employer of. Defendant Employees were in fact acting in the scope of their employment with the employers, as they recklessly, intentionally, and negligently aided in the construction of the defamatory statements via email amongst other Defendant Employees, for which I was the subject of.

## STATEMENT OF FACTS

1. On or around 06/28/2020 and 06/29/2020 the Plaintiff was involved in an incident at the Land Rover of Charlotte, and Hendricks BMW of Charlotte auto dealership in Mecklenburg County of Charlotte North Carolina in which he was accused of committing Two Counts Felony Breaking and Entering, One Count Larceny after Breaking and Entering, and One Count Felony Larceny.

6

2. During the incident, Charlotte-Mecklenburg Police Department officers responded to a police tip (call made by Chip Busker) in reference to a subject on the lot who was checking door handles, and no positive ID of the suspect.

3. During the arrest for the alleged crimes, Charlotte-Mecklenburg Police Department officers on the scene, along with Chip Busker (Security Manager) began to ask the Plaintiff harassing questions in reference to my reason for being on the car lot, and why I had car keys on me. I immediately responded to the officers and Chip Busker denying any wrongdoing and that I had found the keys down the road and was trying to figure out what I should do with them.

4. Chip Busker proceeded to inform the officers that I had been on the lot trying to open vehicles, and witnessed me committing Breaking and Entering at the Land Rover of Charlotte car lot, to which I denied.

5. On 06/29/2020 Security Manager Chip Busker on behalf of Hendricks BMW of Charlotte reported that another Felony Breaking and Entering happened the day before (06/28/2020 at 0000 and 0430hrs), and that during said incident– it was the Plaintiff who entered the dealership and took approximately $500 from the register and $3000.00 worth of merchandise from the dealership (Larceny after Breaking and Entering). Then Chip Busker proceeded to accuse the Plaintiff of loading the property into a 2020 BMW X5 (value $80,000.00) that was in the showroom and taking the vehicle from the dealership (Larceny of a Motor Vehicle). No positive ID was ascertained of the suspect during or after the incident.

7

6. Mr. Busker provided video recording to the Charlotte Mecklenburg Police Department of an unidentified person committing the offenses reported at the car lots. Though he had no positive ID of the suspect, he still chose to say that it was the Plaintiff in the video recordings.

7. Because of the reckless disregard shown by Chip Busker by giving witness statements, and evidence (videotapes) showing whom he wrongfully presumed was committing the crimes reported–the Plaintiff; the investigation concluded with Charlotte-Mecklenburg Police Department formally charging Plaintiff with four Violent Felonies which were then submitted to the ADA for prosecution.

8. On June 29, 2020 and June 30, 2020 "Defendant Employees" at the behest of Chip Busker (security manager) began to engage in a series of reckless and negligent email messages between themselves, attempting to account for the alleged stolen property that was supposedly taken from the car dealership Hendricks BMW of Charlotte. Defendant Employees, via email correspondence, were seen passing information concerning the "alleged" stolen property amongst themselves as though to assist the creation of a false narrative, by presumably, trying to help Chip Busker figure out how to connect the Plaintiff to the incident at the Hendricks BMW of Charlotte. At the time these email messages took place, there had been no positive ID proving the Plaintiff committed any of the crimes accused; nor did the Plaintiff admit to committing any such crimes.

9. At no time, was Chip Busker, nor the Defendant Employees in possession of any evidence that warranted their assistance in the matter.

10. Chip Busker in his capacity as both Security Manager and owner of RFB Security Consulting who was contracted to do security for all Hendricks Automotive Group business (including Hendricks BMW of Charlotte, and Land Rover of Charlotte) gave a false statement with the help of the Defendant Employees, to Charlotte-Mecklenburg Police Department, which was the primary cause of the formal charges being pressed against the Plaintiff.

11. Due to the Defendant Employees involvement– in wrongfully crafting what would be used to falsely accuse the Plaintiff of Four Violent Felonies (Chip Busker's witness statement), they too are held liable for those resulting injuries that were sustained.

12. In the state of North Carolina, the penalty for being convicted of a violent crime is much harsher than being convicted of a non-violent crime.

13. Because of the reckless disregard, and negligent actions performed by the Defendant Employees, and Mr. Busker; the Plaintiff was wrongfully charged with Four Violent felonies. The penalty the Plaintiff faced due to their contributive neglect was over One Life Imprisonment sentence. (80 years).

14. Due to The Defendant Employees providing false narratives, and prejudicially making the Plaintiff the would be suspect in the videotapes (though there was no positive ID actually made) the Plaintiff was subjected to scrutiny from the Charlotte-Mecklenburg Police Department, and had to undergoing over 3 years of criminal litigation in which there were injuries were sustained.

15. These cases have been successfully argued in two 42 U.S.C 1983 claims in which the Defendants in those civil actions (Charlotte-Mecklenburg Police Department, and the District Attorney's Office) admitted to several constitution violations committed during both the prosecution and the arrest of Alton Sharan Sapp; specifically bringing in to question the length of time the cases had been open (over 3 years), as well as the way evidence was introduced to the court (violations of the 4th, 5th, and 14th amendments) against the Plaintiff.

## INJURIES SUSTAINED

1. As stated above, if not the Defendant Employees had of not aided and assisted the creation of a false narrative made by Chip Busker, had they not perpetuated such false beliefs as to the guilt of the Plaintiff, and had they not showed neglect by willfully trying to contend to the Plaintiffs guilt by engaging in email correspondence with the purpose of "getting their story straight" and purposefully making it seem as though the alleged stolen property taken from the dealerships, was taken by the Plaintiff–the Charlotte-Mecklenburg Police Department would not have advised that the charges be prosecuted. More importantly, the injuries sustained as a direct cause of the Defendant Employees reckless disregard for the Plaintiff, and the truth concerning this matter; the Plaintiff sustained all the injuries as follows (keeping in mind that the time period for all the injuries sustained are from 06/29/2022 through this current date, as the injuries are still being inflicted for an incident that started over 3 years ago):

   a. Mental Anguish

   b. Loss of Enjoyment of Life

   c. Loss of Freedom

   d. Inconvenience

   e. Loss employment Income

   f. Loss of opportunity

   g. Emotional Distress

   h. Pain and Suffering

   i. Public Embarrassment

## RELIEF SOUGHT

1. The Plaintiff Moves the Court to **AWARD** all the damages sought after; to include, compensatory damages in the amount of $18,847,300,000. If punitive damages are awarded let it be for the full amount allowed by law (four times compensatory damages), and any other relief due to the plaintiff that the court deems as equitable and just for the injuries, and damages sustained by the Defendants.

## INDEMNIFICATION

1. **THE DEFENDANTS**: HENDRICKS AUTOMOTIVE GROUP, HENDRICKS MOTORSPORTS, HENDRICKS BMW OF CHARLOTTE, and LAND ROVER OF CHARLOTTE are the indemnifying entities for the actions described in this Complaint;

11

**TO WIT**, the actions of the Defendants Brian Koller, Kevin Skaradzinski, David Porter, Tony Diorio, and Rusty Reeves; which were performed in the course and scope of their employment with Hendricks Automotive Group, Hendricks Motorsports, Hendricks BMW of Charlotte, and Land Rover of Charlotte.

**WHEREFORE,** should the Defendants Brian Koller, Kevin Skaradzinski, David Porter, Tony Diorio, Rusty Reeves, and Chip Busker be found liable on the claim of **DEFAMATION** set forth herein, Plaintiff demand that the Defendant(s): HENDRICKS AUTOMOTIVE GROUP, HENDRICKS MOTORSPORTS, HENDRICKS BMW OF CHARLOTTE, and LAND ROVER OF CHARLOTTE be found liable for any judgments, other than punitive damages, Plaintiff obtains thereon due to their **RESPONDEAT SUPERIOR** relationship with those employees.

**PLAINTIFF DOES NOT DEMAND TRIAL BY JURY**

Respectfully Submitted,


s/ Alton Sharan Sapp
Pro Se Litigant

Alton Sharan Sapp
438 Lawson Road
Waynesboro, Georgia, 30830
(404) 695-4395 (m)
sapp.alton719@gmail.com