UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00145-FDW-DCK

| ALTON SHARAN SAPP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| HENDRICK BMW CHARLOTTE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Pro Se Complaint, [Doc. 1]; Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), [Doc. 7]; Plaintiff's Motion for Entry of Default, [Doc. 4]; Plaintiff's Motion for Default Judgment, [Doc. 5]; and Plaintiff Motion for Injunction, [Doc. 6].

**I.      BACKGROUND**

Pro se Plaintiff Alton Sapp filed this action on February 28, 2023, against nine Defendants purporting to state a claim for defamation pursuant to 28 U.S.C. § 4101.[1] [Doc. 1]. Plaintiff alleges that he is a resident of the State of Georgia and that the entity Defendants are organized and existing in the State of North Carolina. [Id. at 3-4]. As for the five (5) individual Defendants, Plaintiff fails to allege their citizenship, alleging only that their home addresses have not been provided "[o]ut of respect for Defendant privacy." [Id. at 4-5]. Plaintiff seeks to proceed in forma pauperis. [Docs. 2, 7]. Initially Plaintiff submitted a Short Form IFP Application despite having been

---

[1] The Court entered a Pre-Filing Review System against Plaintiff due to Plaintiff's pattern of abusive, frivolous, malicious, and harassing litigation. [See, e.g., Civil Case No. 3:22-cv-00563-KDB-DCK, Doc. 7]. As such, Plaintiff's submissions to this Court are pre-screened by the Court for content before they are filed in this Court. [Id., id. at 3].

required in his many previous cases filed in this Court to submit a Long Form Application. [See Doc. 2]. As many times previously, the Court required Plaintiff to submit a Long Form Application. [Doc. 3]. Plaintiff's Long Form IFP Application, his Complaint, and the above-listed motions are now before the Court. [Docs. 1, 4-7].

In his Complaint, Plaintiff alleges that several employees of Defendant Hendricks Automotive Group and Hendricks Motorsports defamed Plaintiff by accusing him of committing crimes, that is, stealing a car and approximately $3,500-worth of merchandise and cash from the dealership. [Doc. 1 at 1-2]. Plaintiff alleges that the alleged defamation occurred on June 28, 29, and 30, 2020. [Id. at 6-8]. Plaintiff acknowledges that the incident occurred over three (3) years ago, but he claims that "injuries are still being inflicted." [Id. at 10]. Plaintiff claims the Court has jurisdiction over this action under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000. [Id. at 5]. Plaintiff seeks $18,847,300,000 in damages. [Id. at 11].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's amended motion to proceed in forma pauperis. [Doc. 7]. Plaintiff's affidavit shows that he has had an average income of $80.00 from gifts for the past twelve months. [Doc. 7 at 1-2]. Plaintiff failed to fully complete the section requesting information regarding the amount of income he expects to receive next month. [Id. at 1]. Plaintiff reports no employment history. [Id. at 2]. Plaintiff reports that he has $20.00 in cash, a total of $2.00 in two bank accounts, and that he is owed $143,301,620,000 in outstanding judgments that he expects to start collecting during the next 12 months. [Id. at 3, 5]. Plaintiff reports that no one relies on him for support. [Id. at 3]. Plaintiff reports $60.00 in monthly expenses. [Id. at 4-5]. Plaintiff reports that he cannot pay for the cost of these proceedings because of the "current status

of cases pending, and current status of potential income source being collected on."[2]  [Id. at 5]. The Court will deny Plaintiff's amended motion to proceed in forma pauperis.  Plaintiff has not shown that he is unable to pay the filing fee.  Plaintiff attests that he expects to collect over $143 billion in outstanding judgments and obliquely that he is unable to work because he spends so much time pursuing lawsuits, which the Court knows to be completely baseless.  Plaintiff is not acting in good faith and the Court will not sanction his continued litigation efforts by allowing him to proceed in forma pauperis here.   The Court will, however, briefly address the merits of Plaintiff's Complaint for the sake of Plaintiff's likely future suits involving this matter.

### III.     DISCUSSION

Plaintiff claims this Court has diversity jurisdiction over his Complaint.  Plaintiff, however, fails to allege that the five (5) individual Defendants are citizens of a State different from the Plaintiff's. See 28 U.S.C. § 1332(a). As such, the Court is without basis to exercise diversity jurisdiction over Plaintiff's Complaint.  Moreover, Plaintiff purports to sue under 28 U.S.C. § 4101, which regards foreign defamation judgments. See 28 U.S.C. § 4102.  This provision has no application to Plaintiff's action.   Under North Carolina law, the statute of limitations for defamation is one year.  N.C. Gen. Stat. § 1-54(3).  As such, any claim Plaintiff may have had for defamation has long since expired.  Because the Court is without basis to exercise jurisdiction over Plaintiff's Complaint and because Plaintiff's claim is barred by the statute of limitations in any event, the Court will dismiss Plaintiff's Complaint with prejudice.

### IV.     CONCLUSION

In sum, the Court denies Plaintiff's amended motion to proceed in forma pauperis and dismisses this action with prejudice.

---

[2] In previous actions with this Court, Plaintiff has essentially claimed that he is unable to work because his lawsuits take up too much time. [See, e.g., Civil Case No. 3:22-cv-00567-KDB-DCK, Doc. 2 at 5].

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE.**

2. Plaintiff's Amended Motion to Proceed in Forma Pauperis [Doc. 7] is **DENIED**.

3. Plaintiff's Motion for Entry of Default [Doc. 4], Motion for Default Judgment [Doc. 5], and Motion for Injunction [Doc. 6] are **DENIED** as moot.

Signed: April 11, 2023

Frank D. Whitney
United States District Judge