UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00145-FDW-DCK

| ALTON SHARAN SAPP, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| HENDRICK BMW CHARLOTTE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Pro Se "Objection and Relief from Judgment," [Doc. 10], which Plaintiff brings under Rules 59 and 60 of the Federal Rules of Civil Procedure.

Pro se Plaintiff Alton Sapp filed this action on February 28, 2023, against nine Defendants purporting to state a claim for defamation pursuant to 28 U.S.C. § 4101.[1] [Doc. 1]. Plaintiff sought to proceed in forma pauperis. [Docs. 2, 7]. Plaintiff alleged that several employees of Defendant Hendricks Automotive Group and Hendricks Motorsports defamed Plaintiff by accusing him of committing crimes, that is, stealing a car and approximately $3,500-worth of merchandise and cash from the dealership. [Doc. 1 at 1-2]. Plaintiff alleged that the defamation occurred on June 28, 29, and 30, 2020. [Id. at 6-8]. Plaintiff acknowledged that the incident occurred over three (3) years ago, but he claimed that "injuries are still being inflicted." [Id. at 10]. Plaintiff claimed the Court has jurisdiction over this action under 28 U.S.C. § 1332 because the action is between

---

[1] The Court entered a Pre-Filing Review System against Plaintiff due to Plaintiff's pattern of abusive, frivolous, malicious, and harassing litigation. [See, e.g., Civil Case No. 3:22-cv-00563-KDB-DCK, Doc. 7]. As such, Plaintiff's submissions to this Court are pre-screened by the Court for content before they are filed in this Court. [Id., id. at 3].

citizens of different states and the amount in controversy exceeds $75,000. [Id. at 5].

The Court denied Plaintiff's amended motion to proceed in forma pauperis because Plaintiff failed to show he is unable to pay the filing fee. [Doc. 8]. That is, Plaintiff attested that he expects to collect over $143 billion in outstanding judgments and obliquely that he is unable to work because he spends so much time pursuing lawsuits, which the Court knows to be completely baseless. The Court concluded that Plaintiff is not acting in good faith and declined to sanction his continued litigation efforts by allowing him to proceed in forma pauperis here. The Court briefly addressed the merits of Plaintiff's Complaint "for the sake of Plaintiff's likely future suits involving this matter." [Id. at 3]. The Court noted that Plaintiff failed to allege that the Defendants are citizens of a State different than Plaintiff's, that the provision under which Plaintiff purports to state a claim has no application, and that Plaintiff's Complaint is barred by the statute of limitations. [Id.].

Plaintiff now seeks relief under Rule 59, or alternatively Rule 60, of the Federal Rules of Civil Procedure. [Doc. 10]. Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e)

2

motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708.

Rule 60 addresses relief from a judgment or order. Subsection (b) sets forth the grounds for relief (other than clerical mistakes, oversights and omissions). Subsection (b) allows the court to grant relief from an order or judgment if one of the six enumerated grounds are shown. See Fed. R. Civ. P. 60(b). Plaintiff fails to show the existence of any of those grounds for relief. [See Doc. 10].

The Court, therefore, will deny Plaintiff's motion. Plaintiff is admonished that any further meritless attempts to revisit the Court's Order dismissing this case will be summarily denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Objection and Relief from Judgment" [Doc. 10] is **DENIED**.

Signed: April 25, 2023

Frank D. Whitney
United States District Judge